UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cr-71-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **BENJAMIN NELSON,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's pro se Motion for Early Termination of Probation/Supervised Release. (#333).

A motion for early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1) and Rule 32.1, Fed. R. Crim. P. While such rule does not place restrictions on who may file a Motion for Early Termination, meritorious requests are typically sponsored by the probation officer supervising the defendant.

Here, defendant asserts that his case officer joins in the motion, but he has not attached a written statement from his probation officer. While Section 3583(e)(1) provides that supervision may be terminated after one year, the court must be "satisfied that such action is warranted by the conduct of the defendant…." Id. While defendant states that he has abided by all the terms of his supervised release, the court is not satisfied by such unsworn statement as it does not meet the standard provided in the statute as it is non-evidentiary. Defendant is advised that such evidence is usually presented in the form of affidavits or unsworn declarations, and usually includes a positive recommendation from his supervising officer. Defendant is advised that while it is *possible* to have supervised release terminated without support from his supervising officer, nearly

1

all successful motions include a positive recommendation or sponsorship from the supervising officer. Having considered defendant's motion and reviewed the pleadings, the court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Early Termination of Probation/Supervised Release (#333) is **DENIED** without prejudice as to the later filing of a motion supported by evidence indicating that such relief is warranted by his conduct while on release and is also in the interests of justice. If defendant attaches a supporting statement from his probation officer in a subsequent motion, the Court will likely grant it.

Signed: February 4, 2022

Max O. Cogburn Jr.
United States District Judge